LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Fascimile: (702) 382-1169

Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>SUPERIOR LINEN, LLC,<br><br>Debtor. | Case No.: BK-S-16-15388-mkn<br>Chapter 11<br><br>Date:   OST PENDING<br>Time:   OST PENDING |

### *EX PARTE* APPLICATION FOR ORDER SHORTENING
### TIME TO HEAR DEBTOR'S INITIAL EMERGENCY MOTIONS

Superior Linen, LLC, a Nevada limited liability company, as debtor and debtor in possession ("Superior" or "Debtor"), by and through its proposed counsel, Larson & Zirzow, LLC, hereby submits its application (the "Application") for an order shortening time to hear the following initial emergency motions (collectively, the "Initial Motions") filed in Debtor's bankruptcy case:

1.   *Motion for an Order:  (I) Authorizing Superpriority Post-Petition Financing; (II) Granting Liens and Providing Superpriority Administrative Expense Claims; (III) Approving Loan Documents Relating To The Foregoing; (Iv) Granting Relief From The Automatic Stay; And (V) Granting Other Related Relief* ("**DIP Financing Motion**");

2.   *Motion for Approval of Stipulation by and Between the Debtor and RD VII Investments, LLC for Consent to Use Cash Collateral Pursuant to 11 U.S.C. § 363(c)92), and Granting Adequate Protection Pursuant to 11 U.S.C. §§ 362 and 363(e)* ("**Cash Collateral**");

3.  *Emergency Motion for Order: (I) Authorizing Debtor to Pay Wages, Salaries, Benefits, Reimbursable Business Expenses, and Other Employee Obligations; and (ii) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* ("**Wage Motion**");

4.  *Debtor's Emergency Motion: (A) for Authorization to (i) Continue Using Existing Centralized Cash Management System, as Modified, (ii) Honor Certain Prepetition Obligations Related to the use of the Cash Management System, and (iii) for Waiver of Compliance with Section 345(b) of the Bankruptcy Code ("Cash Management");*

5.  *Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate Assurance has been Provided to Utility Companies* ("**Utility Motion**");

6.  *Motion to Designate Robert E. Smith as a Designated Responsible Person* ("**Responsible Person Motion**");

7.  *Emergency Application for Order Limiting Notice Pursuant to Fed. R. Bank. P. 2002(m)* ("**Limit Notice Motion**").

Debtor has also filed an extensive *Omnibus Declaration of Robert E. Smith in Support of Debtor's Initial Emergency Motions and Related Relief* (the "Omnibus Declaration"), which provides detailed background information regarding the Debtor as well as the context for the relief sought in its Initial Motions.

This Application is made and based upon Fed. R. Bankr. P. 9006, Local Rule 9006, the following points and authorities, the *Declaration of Matthew C. Zirzow, Esq.* (the "Zirzow Declaration") included herein, the *Attorney Information Sheet* filed contemporaneously herewith, and the papers and pleading on file herein, judicial notice of which is respectfully requested.

**Declaration of Matthew C. Zirzow, Esq. in Support of**
**<u>*Ex Parte* Application for Order Shortening Time</u>**

I, Matthew C. Zirzow, Esq., declare as follows:

1.  I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so. I am a shareholder with the law firm of Larson & Zirzow, LLC, proposed attorneys for the Debtor in the above captioned

2

bankruptcy case, and duly licensed to practice law in the State of Nevada.

2.  Debtor is a full service commercial laundry company providing the entire spectrum of laundry services to hotels and food and beverage managed restaurants and clubs. Founded in 2010, Superior Linen is one of the leading commercial laundry and linen rental companies in Las Vegas operating in a 105,000 square foot mega plant in North Las Vegas.

3.  The Debtor is requesting that the Initial Motions be heard on shortened time and on an emergency basis as necessary to the ongoing operation of the Company post-petition, to stabilize its operations, and to allow for a successful reorganization. Specifically, Debtor is requesting that the Initial Motions be heard as soon the Court's calendar will allow.

4.  The Initial Motions present various typical emergency relief that chapter 11 debtors require at the outset of chapter 11 bankruptcy cases, including the following: (a) use of cash collateral; (b) procedures and protections with respect to utility providers to avoid any unexpected issues with the proper operation of the company; (c) designation of the responsible person to help the Debtor to carry out its duties as a debtor and debtor-in-possession as required by the U.S. Bankruptcy Code and the Region 17 United States Trustee Guidelines; (d) payment of wages, salaries, benefits, reimbursable business expenses, and other customary employee obligations; (e) the authorization to continue with the cash management system already utilized by the Debtor to prevent any disruption of the ongoing operations of the company; and (f) payment of taxes incurred by the Debtor relating to personal property tax, sales and use tax, and other taxes in connection with the operation of its business.

*5.* Absent immediate access to cash collateral and the debtor in possession financing, the Debtor will lack sufficient cash to make an existing payroll and the company will likely be forced to cease operations, thereby eliminating Debtor's principal source of revenue, eliminating any chance it may have for a successful reorganization, and resulting in immediate and irreparable harm to the Debtor and its estate. If the Company does not remain operating during the pendency of these proceedings, the Debtor's assets and goodwill will decrease substantially in value and the Debtor will run the risk of losing existing and prospective contracts. ***COUNSEL REQUESTS AN EMERGENCY HEARING ON OCTOBER 3, 2016.***

3

6. Counsel anticipates that the hearings on the Initial Motions will take no more than one (1) hour of the Court's time.

DATED:  October 3, 2016.

        /s/ Matthew C. Zirzow
MATTHEW C. ZIRZOW, ESQ.

## Legal Argument

Section 105, title 11 of the United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title.  Bankruptcy Rule 9006(c)(1) permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules.  Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c).

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing.  As set forth in the Zirzow Declaration and the Omnibus Declaration, there are compelling reasons for an expedited hearing on the Initial Motions.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided.  An Attorney Information Sheet was filed contemporaneously with this Application.

## Conclusion

WHEREFORE, the Debtor respectfully requests that this Court grant this Application and issue an order shortening time to hear the Initial Motions as soon as the Court's calendar will allow.

4

1  The Debtor also requests such other and further relief as is just and proper.

2  DATED: October 3, 2016.

3  LARSON & ZIRZOW, LLC

4  By:   /s/ Matthew C. Zirzow
ZACHARIAH LARSON, ESQ.
5  Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
6  Nevada Bar No. 7222
7  850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtor

**LARSON & ZIRZOW, LLC**
**850 E. Bonneville Ave.**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170   Fax: (702) 382-1169**