LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>SUPERIOR LINEN, LLC,<br><br>Debtor. | Case No.: BK-S-16-15388-mkn<br>Chapter 11<br><br>Date: N/A<br>Time: N/A |

## NOTICE OF SUBPOENA PURSUANT TO RULE 2004

PLEASE TAKE NOTICE that a *Subpoena for Rule 2004 Examination* (the "Subpoena") pursuant to Fed. R. Bankr. P. 2004 was issued to the TheLaundryList.com, Inc. A copy of the Subpoena is attached hereto as **Exhibit 1**.

DATED: November 4, 2016.

                                            LARSON & ZIRZOW, LLC

                                            By: /s/ Matthew C. Zirzow
                                                ZACHARIAH LARSON, ESQ.
                                                Nevada Bar No. 7787
                                                MATTHEW C. ZIRZOW, ESQ.
                                                Nevada Bar No. 7222
                                                850 E. Bonneville Ave.
                                                Las Vegas, Nevada 89101

                                                Proposed Attorneys for Debtor

# EXHIBIT 1

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
District of Nevada

In re: Superior Linen, LLC  
           Debtor

Case No. 16-15388-mkn

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **TheLaundryList.com, Inc.**  
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE: **Valley Executive Tower** **15260 Ventura Blvd., Suite 1200** **Sherman Oaks, California, 91403** | DATE AND TIME: **November 22, 2016** **2:00 p.m.** |
|---|---|

The examination will be recorded by this method: Stenographic Means

☒ *Production:* Prior to the Examination and no later than **November 21, 2016,** You, or your representatives, must also provide the documents, electronically stored information, or objects as outlined in **Exhibit A**, and must permit inspection, copying, testing, or sampling of the material, to the law office of **Larson & Zirzow, LLC, 850 E. Bonneville Ave., Las Vegas, Nevada 89101. Please note that documents are demanded the day prior to the oral examination. E-mail delivery of the documents is requested; however, if needed to be delivered to the requesting party by mail, it will reimburse you for any reasonable postage costs for such delivery upon presentation of an invoice.**

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/4/16

CLERK OF COURT

_____  
*Signature of Clerk or Deputy Clerk*

OR

_____  
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing **Superior Linen, LLC**, who issues or requests this subpoena, is:

    Matthew C. Zirzow, Esq.  
    Larson & Zirzow, LLC  
    850 E. Bonneville Ave.  
    Las Vegas, NV 89101  
    702-382-1170 / mzirzow@lzlawnv.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

                                     on *(date)*                         ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

    My fees are $_____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                                *Server's signature*

                                                                              *Printed name and title*

                                                                                *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### DEFINITIONS

A. "Equipment" shall mean all equipment referred to in that certain UCC-1 financing statements filed with the Nevada Secretary of State on August 3, 2016 as Document Number 2016022066-9, and on October 29, 2014 as Document Number 2014027827-4.

B. "You" and "your" shall mean, collectively, TheLaundryList.com, Inc. and any of its managers, members, officers, directors, employees, agents, representatives, insiders and/or affiliates (including but not limited to Brian Cohen).

C. "Debtor" shall mean, collectively, Superior Linen, LLC and any its managers, members, officers, directors, employees, agents, representatives, insiders and/or affiliates.

### DOCUMENTS REQUESTED

1. All of your loan, financing and security agreements with the Debtor from January 1, 2014 to the present, including but not limited to any referring or relating to the Equipment.

2. All documents referring or relating to any grant of a security interest in any property you financed the purchase of with the Debtor from January 1, 2014 to the present, including but not limited to the Equipment.

3. All correspondence, including but not limited to written correspondence, faxes, e-mails and text messages, with the Debtor from January 1, 2014 to the present, including but not limited to any referring or relating to the Equipment.

4. All documents referring or relating to the value and cost of any property you financed the sale of and/or sold to the Debtor from January 1, 2014 to the present, including but not limited to the Equipment.

5. All documents referring or relating to your acquisition of the Equipment from January 1, 2012 to the present, including but not limited to any documents reflecting the amount you paid for the Equipment.

6. All appraisals or valuations of the Equipment from January 1, 2012 to the present.

7. All documents reflecting any payments made by you to the Debtor from January 1, 2014 to the present.