VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for LVGV, LLC dba The M Resort Spa and Casino*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re:<br><br>SUPERIOR LINEN, LLC,<br><br>            Debtor. | Case No.:      16-15388-MKN<br><br>Chapter 11 |
|---|---|

**LVGV's REPLY TO DEBTOR'S OPPOSITION ("OPPOSITION") TO EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL REJECTION OR ASSUMPTION OF EXECUTORY CONTRACT**

LVGV, LLC dba The M Resort Spa & Casino (the "M Resort"), by and through its counsel, the law office of Vernon Nelson, hereby submits this Reply Brief in Support of its Ex Parte application (the "Ex Parte Application") seeking entry of an order shortening time to hear M Resort's *Motion to Compel Rejection or Assumption of Executory Contract* (the "Motion to Compel") on March 15, 2017, at 9:30 a.m., at which time other hearings are scheduled in the above-referenced case, or at such other time as this Court deems appropriate.

This Reply is made and based upon Fed. R. Bankr. P. 9006, the Second Declaration of Vernon Nelson and it hereby incorporates all the papers and pleadings on file herein, judicial notice of which is respectfully requested; including but not limited to M Resort's *Motion to Compel.*

The M Resort respectfully requests that the Court grant this Ex Parte Application and issue an order shortening time to hear the Motion to Compel on March 15, 2017, at 9:30 a.m., or at other such time as this court deems appropriate, and for such other and further relief as the Court deems just and proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**DECLARATION OF VERNON NELSON, ESQ.**

I, Vernon Nelson, Esq., hereby declare as follows:

1. I am over the age of 18, am mentally competent, and have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am an attorney at The Law Office of Vernon Nelson, counsel for the LVGV, LLC, dba The M Resort and Casino ("The M Resort") in the Chapter 11 Case, and duly licensed to practice law in the State of Nevada.

3. Good cause exists for this Court to grant this Ex Parte Application on the basis that the Motion to Compel presents evidence that The M Resort is suffering ongoing harm based on Debtor's failure to effectively perform its Services under the Agreement, and requests that this Court either compel Debtor to assume or reject the Agreement.

4. The M Resort has requested the relief in the Motion to Compel expressly because it is suffering ongoing harm for which no adequate remedy otherwise exists other than expedite action on the Agreement. In turn, the relief requested in the Motion to Compel would be undermined by setting the matter on ordinary time while The M Resort continued to suffer harm.

5. In Opposition to the M's Resort's Motion, Debtor contends that the M Resort "has exhibited absolutely no diligence whatsoever in seeking to have the motion heard on shortened time." This contention is without merit. After the M Resort filed the Motion to Compel, I attended the hearing on the *Motion to Appoint Trustee, Motion to Convert Case From 11 To Chapter 7*. [Docket # 218] (the "Trustee's Motion"). The M Resort elected to await the outcome of that decision before it filed an order motion for an order shortening time. I learned of the court's decision on March 1, 2017 and consulted with M Resort management. During the same, I had to respond to three complicated motions to dismiss in three separate federal court actions. These oppositions were all due on March 6, 2017.

6. Late in the day on March 6, 2016, I confirmed that M Resort wanted to proceed with the OST application. I drafted the motion on March 7, 2017. In accordance with Local Rule 9006, my

2

office emailed the same parties who were noticed on the Cosmopolitan's Motion for an Order Shortening Time (collectively the "Interested Parties").

7. I was in meetings late in the day on March 7, 2017 and I could not call the Interested Parties. However, since the Interested Parties did not object to the Cosmopolitans Motion for an OST, I did not think it was critical to call the Interested Parties so late in the day.

8. In fact, given the content of the Motion to Compel, I was shocked to see that the Interested Parties objected to the Motion for an OST; and I was shocked to hear them claim that the Motion for an OST (which essentially mirrors the Cosmopolitan's motion) did not identify the urgent need for a ruling on the Motion to Compel.

9. I respectfully submit that any reasonable person, who has actually read M Resort's Motion to Compel could identify the damage the M Resort has suffered, is suffering, and will continue to suffer. I cannot understand how any person, who has actually read M Resort's Motion to Compel, can genuinely assert that the M Resort is not suffering significant continuing damage; and that M Resort's Motion for an OST is warranted.

10. Nevertheless, as soon as I learned that there were potential objections to the Motion for an OST, I emailed the Interest Parties and explained that the M Resort's basis for requesting an OST were essentially the same as those offered by Cosmopolitan; whose Motion for an OST had been granted. I further explained M Resort intended to terminate the Agreement with Superior in early October of 2016; and that, if not for the bankruptcy filing, the Agreement would already be terminated. Additionally, early on March 8, 2017, my office emailed a copy of the Motion for an OST that we were going to file.

11. For the Debtor to contend that the M Resort has not demonstrated that the Motion to Compel does not "present an emergency situation that requires an expedited hearing…" is preposterous. Again, M's Motion for an OST, specifically incorporate the Motion to Compel. The Motion to Compel clearly describes damages and harm that is similar to that suffered by DTG. DTG's Motion for an OST and its Motion to Compel were granted. and. In fact, M Resort submits that the issues with terrible service at M Resort are far worse than the issues described in DTG's motion.

12. Debtor's suggestion that the M Resort "is in a very different situation from others…" is unadulterated "hogwash." Again, the M's Motion to Compel details a litany of poor service issues that are as bad, if not worse than those described by "others;" including DTG. More importantly, the M Resort contract contains a provision that allows the M Resort to terminate the Agreement with Debtor on 60-day prior notice. M Resort's right to terminate is unconditional.

13. I was present at the hearing on the Trustee's Motion and I was absolutely shocked to hear the Debtor's CFO testify that the Debtor believes it can retain the M Resort Agreement. The chances of Superior (or its successor) retaining the M Resort Agreement, unless otherwise ordered by the Court, is nil. At the first available moment, M Resort intends to terminate the Agreement pursuant to its 60-day unconditional right to terminate the Agreement.

14. Further, the M Resort recognizes that the Court allowed the debtor a brief period of time to try to close the sale of the business. The M Resort submits that it would be unfair for any potential purchaser to think that it will be able to retain the M Resort as a client. If the Debtor were to represent otherwise, it would be a grave misrepresentation. Thus, M Resort submits that it would be most equitable to potential buyers, for the status of the M Resort's Agreement to be put on the record as soon as possible. It is M Resort's contention that M Resort should not be included on any potential "client roster" that is presented to potential buyers; and that Debtor's agreement with the M Resort should not be listed as any material asset of the debtor's estate. Accordingly, the M Resort submits that its Motion for an OST must be granted.

15. Finally, Debtor's contention that the Motion for an OST does not indicate when the hearing should take place is also without merit. The M Resort has specifically requested that the hearing be set for March 15, the same day as the Cosmopolitan's motion. The M Resort requested this date because the Court would be hearing similar issues of fact and law with respect to the Cosmopolitan motion.

//

//

//

4

16. As a result, good cause exists to grant this Ex Parte Application and hold a hearing on the Motion on shortened time.

DATED this 9th day of March, 2017.

        /s/ Vernon Nelson
Vernon Nelson

### III

### **CONCLUSION**

The M respectfully requests that this Court grant this Ex Parte Application and issue an order shortening time to hear the Motion on shortened time on March 15, 2017, at 11:00 a.m., or at such other time as the Court deems appropriate. The M seeks such other and further relief as the Court deems just and proper.

DATED this 9th day of March, 2017

THE LAW OFFICE OF VERNON NELSON

By:   /s/ Vernon Nelson
VERNON NELSON, ESQ.
Nevada Bar No.: 6434
9480 S. Eastern Avenue, Suite 244
Las Vegas, NV 89123
Tel: 702-476-2500
Fax: 702-476-2788
E-Mail: vnelson@nelsonlawfirmlv.com
*Attorney for LVGV, LLC dba The M Resort Spa and Casino*