Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Connor H. Shea, Esq.
Nevada Bar No. 14616
Brownstein Hyatt Farber Schreck
100 North City Parkway
Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Attorneys for RD VII Investments, LLC

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | Case No. 16-15388-MKN |
| | ) | |
| Superior Linen, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**STIPULATION REGARDING PAYMENT OF INSURANCE PROCEEDS DIRECTLY TO RD VII INVESTMENTS, LLC**

RD VII Investments, LLC ("**RD VII**"), by and through its counsel, Samuel A. Schwartz, Esq. of Brownstein Hyatt Farber Shreck, LLP, and Shelley D. Krohn, Chapter 7 Trustee of the above-styled bankruptcy case (the "**Trustee**"), by and through her counsel Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm, hereby file this Stipulation Regarding Payment of Insurance Proceeds Directly to RD VII Investments, LLC (the "**Stipulation**"):

**RECITALS**

1. Superior Linen, LLC, (the "**Debtor**") filed for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "**Bankruptcy Code**") on September 30, 2016.

2. On December 16, 2016, the Bankruptcy Court approved the Debtor's Motion

for an Order: (i) Authorizing Superpriority Post-Petition Financing; (ii) Granting Liens And Providing Superpriority Administrative Expense Claims; (iii) Approving Loan Documents Relating To The Foregoing; (iv) Granting Relief From The Automatic Stay; and (v) Granting Other Related Relief in accordance with Section 364 of the Bankruptcy Code (each a "**Motion to Obtain Credit**"). See Docket No. 150.

3. On February 3, 2017, the Bankruptcy approved the Debtor's second Motion for Authority to Obtain Credit. See Docket No. 261.

4. On March 30, 2017, the Bankruptcy Court approved the Debtor's third and final Motion for Authority to Obtain Credit. See Docket No. 401.

5. Pursuant to this Court's final order granting the Motions to Obtain Credit, RD VII was granted a "super priority priming lien claim in the Debtor's bankruptcy case in the amount of any outstanding principal, interest and fees in respect of the Loan having priority over all administrative expenses of the kind specified in sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c) and 726 of the Bankruptcy Code . . . ." See the Final Order Granting Debtor's Third Emergency Motion for an Order (i) Authorizing Superpriority Post-Petition Financing; (ii) Granting Liens And Providing Superpriority Administrative Expense Claims; (iii) Approving Loan Documents Relating To The Foregoing; (iv) Granting Relief From The Automatic Stay; and (v) Granting Other Related Relief, Docket No. 401, para. 3 (the "**Final Order**").

6. As of the date of this Stipulation, RD VII submits it is owed in excess of $670,000.00 of post-petition financing issued in connection with the Motions to Obtain Credit and the Final Order, which amount does not include interest, legal fees or costs.

7. Prior to and during the bankruptcy case, the Debtor held a commercial

property insurance policy that included coverage for business interruption (the "**Policy**") with Liberty Mutual Insurance ("**Liberty Mutual**").

8. During the bankruptcy case, the Debtor incurred certain business interruption due to the failure of a boiler, which interruption was covered, at least in part, by the Policy. During the bankruptcy case, Liberty Mutual provided the Debtor with a replacement for the failed boiler and covered the costs of the associated with the replacement. Liberty Mutual now agrees that as of today's date, $361,014.36 of the Debtor's lost profits is covered by the Policy.

9. On August 21, 2017, this case was converted from one under Chapter 11 to one under Chapter 7.

10. Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee.

11. Based on this Court's Final Order approving the Motions to Obtain Credit, the Trustee and RD VII agree any remaining proceeds paid from the Policy are the collateral of RD VII. Accordingly, through this Stipulation, the Trustee and RD VII agree any moneys paid by Liberty Mutual pursuant to the Policy may be paid directly to RD VII.

**AGREEMENT**

NOW, THEREFORE, in consideration of the foregoing, RD VII and the Trustee stipulate and agree as follows:

12. The foregoing Recitals are true and correct.

13. On or about November 8, 2018, Liberty Mutual agreed it owed $361,014.36 under the Policy and is prepared to pay the same immediately.

14. The Trustee agrees RD VII has a first priority lien in the proceeds of the Policy, among other claims.

15. Accordingly, the Trustee agrees that the balance of the Liberty Mutual proceeds may be paid directly to RD VII.

Date: December 11, 2018

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Brownstein Hyatt Farber Schreck
100 North City Parkway
Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Attorneys for RD VII Investments, LLC

Date: December 11, 2018

/s/ Jeannette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146
Telephone: 702.228.7590
Facsimile: 702.892.0122
Attorneys for Shelley D. Krohn, Trustee

Submitted by:

By /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Brownstein Hyatt Farber Schreck
100 North City Parkway
Suite 1600
Las Vegas, NV 89106-4614
Attorneys for RD VII Investments, LLC

4