Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
*Attorneys for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Case No.  BK-S-16-15388-MKN |
|---|---|
| SUPERIOR LINEN, LLC, | Chapter 7 |
| Debtor | **DECLARATION OF SHELLEY D. KROHN IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH VENUS GROUP, LLC** |
| | Hearing Date:  March 20, 2019<br>Hearing Time:  9:30 a.m. |

I, Shelley Krohn, do hereby declare the following under penalty of perjury,

1.  I am over the age of eighteen and I have personal knowledge of the facts in this matter, except where stated upon information and belief, and if called to testify, I could and would testify to the following statements set forth herein.

2.  I make this Declaration in support of my Motion For Approval Of Settlement Agreement With Venus Group, LLC (the "Motion").[1]

3.  Superior Linen, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on September 30, 2016 (the "Petition Date").  The Debtor's case was converted to one under Chapter 7 on August 21, 2017.

4.  I am the duly appointed and acting Chapter 7 Trustee (the "Trustee").

5.  I seek authorization to enter into the Settlement Agreement, a true and correct copy of which is attached hereto as Exhibit 1 (the "Settlement Agreement") and to enter into any agreements to effectuate the Settlement Agreement.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed them in the underlying motion.

6. In my business judgment, I believe that the Settlement Agreement satisfies the factors set forth in <u>Martin v. Kane (In re A & C Properties)</u>, 784 F.2d 1377, 1381 (9th Cir. 1986), <u>cert. denied</u>, 479 U.S. 854 (1986), as set forth in the Motion.

7. I have concluded that the proposed settlement, which provides for the payment of $10,000.00 to me on behalf of the estate, is in the best interest of creditors. The Settlement Amount of $10,000 is based upon a discount of the amount of the Transfers to which Venus likely does not have a valid defense. The Settlement Amount is based upon my consideration of ongoing attorneys' fees and costs that would be incurred if the claims in the Complaint were prosecuted and the additional delay from this litigation. As a result, I, in my reasonable business judgment, believe that the Settlement Amount is fair and reasonable.

Dated this 11th day of February, 2019.

/s/ Shelley D. Krohn
Shelley D. Krohn

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the day set forth below by and between Shelley D. Krohn, Chapter 7 Trustee for the bankruptcy estate of Superior Linen, LLC (BK-S-16-15388-MKN) (the "Trustee") and Venus Group, LLC ("Venus"). Each may hereinafter be referred to as a "Party," or collectively as the "Parties."

## RECITALS

WHEREAS, on September 30, 2016, Superior Linen, LLC ("Superior"), filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) ("Petition Date"). The case is pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court") as case number BK-S-16-15388-MKN. Superior's case was converted to one under Chapter 7 on August 21, 2017.

WHEREAS, Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Superior (the "Bankruptcy Estate").

WHEREAS, prepetition, Superior made payments to Venus within 90 days of the Petition Date (the "Transfers"). The Transfers are as follows:

| Check Amount | Check No. | Date Issued | Date Honored |
|---|---|---|---|
| $7,554.13 | 34749 | June 30, 2016 | July 14, 2016 |
| $20,000.00 | 34765 | July 12, 2016 | July 14, 2016 |
| $7,977.05 | 34787 | July 14, 2016 | July 20, 2016 |
| $8,485.32 | 34800 | July 22, 2016 | August 3, 2016 |
| $7,000.00 | 34819 | July 24, 2016 | August 3, 2016 |
| $8,097.94 | 34843 | August 4, 2016 | August 10, 2016 |
| $15,000.00 | 34878 | August 12, 2016 | August 15, 2016 |
| $7,000.00 | 34961 | August 26, 2016 | September 1, 2016 |
| $7,000.00 | 34988 | September 2, 2016 | September 8, 2016 |
| $7,000.00 | 35010 | September 9, 2016 | September 15, 2016 |
| $7,000.00 | 35071 | September 16, 2016 | September 21, 2016 |
| $7,000.00 | 35101 | September 23, 2016 | September 29, 2016 |

WHEREAS, on September 30, 2018, the Trustee filed a complaint for avoidance of the Transfers pursuant to 11 U.S.C. §§ 547 and 550 initiating adversary proceeding 18-01105-MKN.

WHEREAS, the Trustee has claimed that the Transfers may constitute avoidable transfers under 11 U.S.C. § 547 and § 550. Venus has asserted that it has defenses to the Trustee's claims.

WHEREAS, the Parties have reviewed their respective claims and defenses, and believe it is in the best interest of those involved to settle, compromise, and resolve the disputes between the Parties mentioned above, and wish to do so through this Agreement, doing so freely and voluntarily, after having had the opportunity to seek the advice of counsel with full knowledge of the binding and conclusive nature thereof. The Trustee believes that resolution is in the best interest of the Bankruptcy Estate and its creditors.

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, each of the Parties, without any admission of wrongdoing by any of them, agree as follows:

1. <u>Recitals</u>. All of the foregoing Recitals are true and correct. The foregoing Recitals are incorporated herein by such reference and made a part of this Agreement.

2. <u>Consideration</u>. Venus shall pay the Trustee the total sum of Ten Thousand Dollars ($10,000.00) (the "<u>Settlement Amount</u>").

3. <u>Contingent on Bankruptcy Court Approval</u>. The Parties acknowledge that this Agreement, and all obligations and releases contained herein, are contingent upon Bankruptcy Court approval. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be deemed null and void.

4. <u>Releases and Full Satisfaction</u>.

(a) General Releases. Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, the Trustee absolutely and forever releases, acquits and discharges Venus from any and all potential or actual claims, causes of action, derivative claims, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which the Trustee now has, or ever has had, whether at law or in equity, with respect to the Transfers referenced in this Agreement, <u>except</u> that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this Agreement or otherwise), or any ability or right to enforce this Agreement.

(b) Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, Venus absolutely and forever releases, acquits and discharges the Trustee, the Bankruptcy Estate, the Trustee's counsel, and the Trustee's other professionals from any and all potential or actual claims, causes of action, promises, covenants,

agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which he may have, or ever had, whether at law or in equity, with respect to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this Agreement or otherwise), or any ability or right to enforce this Agreement.

5. <u>Compromise of Disputed Claims</u>. It is understood and agreed that this Agreement is the good faith compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each party to this Settlement Agreement expressly denies any liability or responsibility whatsoever.

6. <u>Attorneys' Fees</u>. With respect to the subject of this Agreement, each Party shall bear its own attorneys' fees and costs except in the event of default as set forth above.

7. <u>Governing Law; Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of or disputes arising from or related to this Agreement.

8. <u>Authority</u>. Each Party hereby represents, warrants and covenants: (a) that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party; (b) that such Party owns and has not assigned, delegated, conveyed, pledged, encumbered or otherwise transferred, in whole or in part, any of the claims released by such Party pursuant to this Agreement; and (c) that the execution, delivery and performance of this Agreement does not contravene, or result in a default, of any provision of any agreement or instrument to which any Party is bound.

9. <u>Severability</u>. This Agreement shall be enforced to the maximum extent permitted by law. In the event that any one or more of the phrases, sentences, sections, or paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

10. <u>Entire Agreement</u>. This Agreement embodies the entire agreement and understanding between the Parties and supersedes any and all prior or concurrent Agreements, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any. Neither Party has made any representations upon which either Party has relied that are not contained in this Agreement relating to the foregoing matters. Neither Party is

Venus Group Settlement

relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

11. <u>No Modification, Waiver, or Amendment</u>. No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by the Parties with the same formality as this Agreement, and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

12. <u>Counterparts</u>. The Parties agree that this Agreement may be executed in counterparts and will become effective, subject to exchange of signature pages and subject to the Agreements set forth above.

13. <u>Assignment</u>. Neither Party shall transfer or assign any of its rights, remedies or obligations under this Agreement.

14. <u>Successors</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

15. <u>Further Assurances</u>. The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

16. <u>Third Party Beneficiaries</u>. This Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their respective successors and permitted assigns.

Dated this ___ day of _____, 2019.    Dated this _9_ day of _February_, 2019.

SHELLEY D. KROHN, CHAPTER 7 TRUSTEE    VENUS GROUP, LLC

Shelley D. Krohn, *Chapter 7 Trustee of the Bankruptcy Estate of Superior Linen, LLC*

By: _____
Raj Patel
Its: President