


Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 21, 2019

___

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone:   (702) 228-7590
Facsimile:   (702) 892-0122
E-Mail:   bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-16-15388-MKN |
|---|---|
| SUPERIOR LINEN, LLC,<br><br>Debtor | Chapter 7<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ECOLAB INC., aka ECOLAB TEXTILE CARE**<br><br>Hearing Date:  March 20, 2019<br>Hearing Time:  9:30 a.m. |

The Motion For Approval Of Settlement Agreement With Ecolab Inc., aka Ecolab Textile Care having come before this Court on March 20, 2019; Shelley D. Krohn, Trustee appearing by and through her counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm; there being no other appearances; the Court having reviewed the pleadings on file and determined that proper notice was given and there being no opposition; the Court having made its findings of fact and conclusions of law on the record; and for good cause shown, it is hereby

ORDERED that the Motion For Approval Of Settlement Agreement With Ecolab Inc., aka Ecolab Textile Care is granted in its entirety and the Settlement Agreement attached hereto as **Exhibit 1** is approved; and it is further

ORDERED that this order serves to modify the Order Granting Motion For Allowance And Payment Of Administrative Expense Claims ("Administrative Claim Order") entered on November 17, 2017 to amend the allowed amount in the Administrative Claim Order so that Ecolab Inc., aka Ecolab Textile Care now hereby holds a fully and finally allowed Chapter 11 administrative claim in the amount of $55,000.00.

Submitted by:

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV  89146
*Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

## RULE 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the Order accurately reflects the court's ruling and that (check one):

☐  The court has waived the requirement set forth in LR 9021 (b)(1).

☒  No party appeared at the hearing or filed an objection to the motion.

☐  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.

### #

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the day set forth below by and between Shelley D. Krohn, Chapter 7 Trustee for the bankruptcy estate of Superior Linen, LLC (BK-S-16-15388-MKN) (the "Trustee") and Ecolab Inc., aka Ecolab Textile Care ("Ecolab"). Each may hereinafter be referred to as a "Party," or collectively as the "Parties."

## RECITALS

WHEREAS, on September 30, 2016, Superior Linen, LLC ("Superior"), filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) ("Petition Date"). The case is pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court") as case number BK-S-16-15388-MKN. Superior's case was converted to one under Chapter 7 on August 21, 2017.

WHEREAS, Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Superior (the "Bankruptcy Estate").

WHEREAS, prepetition, Superior made payments to Ecolab within 90 days of the Petition Date (the "Transfers"). The Transfers are as follows:

| Check Amount | Check No. | Date Issued | Date Honored |
|---|---|---|---|
| $30,897.43 | 34655 | June 7, 2016 | July 18, 2016 |
| $5,097.41 | 34778 | July 14, 2016 | July 26, 2016 |
| $32,343.88 | 34848 | August 8, 2016 | August 22, 2016 |
| $33,610.22 | 35112 | September 26, 2016 | September 30, 2016 |

WHEREAS, on September 30, 2018, the Trustee filed a complaint for avoidance of the Transfers pursuant to 11 U.S.C. §§ 547 and 550 initiating adversary proceeding 18-01096-MKN (the "Adversary Proceeding").

WHEREAS, the Trustee has claimed that the Transfers may constitute avoidable transfers under 11 U.S.C. § 547 and § 550. Ecolab has asserted that it has defenses to the Trustee's claims.

WHEREAS, pursuant to an Order Granting Motion For Allowance And Payment Of Administrative Expense Claims ("Administrative Claim Order") entered on November 17, 2017, Ecolab has a fully and finally allowed Chapter 11 administrative claim in the amount of $80,592.14 ("Administrative Claim").

Ecolab Settlement

1 of 5

WHEREAS, the Parties have reviewed their respective claims and defenses, and believe it is in the best interest of those involved to settle, compromise, and resolve the disputes between the Parties mentioned above, and wish to do so through this Agreement, doing so freely and voluntarily, after having had the opportunity to seek the advice of counsel with full knowledge of the binding and conclusive nature thereof. The Trustee believes that resolution is in the best interest of the Bankruptcy Estate and its creditors.

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, each of the Parties, without any admission of wrongdoing by any of them, agree as follows:

1. <u>Recitals</u>. All of the foregoing Recitals are true and correct. The foregoing Recitals are incorporated herein by such reference and made a part of this Agreement.

2. <u>Consideration</u>. In consideration of the dismissal, with prejudice, of the Adversary Proceeding, and the other mutual promises and agreements contained herein, Ecolab's Administrative Claim shall be reduced by the amount of $25,592.14, leaving Ecolab's Administrative Claim in the fully and finally allowed, and revised, amount of Fifty-Five Thousand Dollars ($55,000.00). The order approving this Agreement shall state that it is modifying the Administrative Claim Order to amend the allowed amount of Ecolab's Administrative Claim.

3. <u>Contingent on Bankruptcy Court Approval</u>. The Parties acknowledge that this Agreement, and all agreements, obligations and releases contained herein, are contingent upon Bankruptcy Court approval. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be deemed null and void. Within five (5) business days of the full execution of this Agreement, the Trustee shall prepare and file a motion with the Bankruptcy Court for the approval of this Agreement pursuant to Bankruptcy Rule 9019, and the order approving this Agreement (the "Approval Order") shall be reasonably acceptable to Ecolab in form and substance. Within five (5) business days of the entry of the Approval Order, the Trustee will dismiss the Adversary Proceeding, with prejudice, without costs to any Party. The Trustee and Ecolab will also cooperate to obtain a stay of any other proceedings in the Adversary Proceeding pending Bankruptcy Court approval of this Agreement.

4. <u>Releases and Full Satisfaction</u>.

(a) General Releases. Upon entry of the Approval Order, the Trustee absolutely and forever releases, acquits and discharges Ecolab from any and all potential or actual claims, causes of action, derivative claims, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which the Trustee now has, or ever has had, whether at law or in equity, including, without limitation, claims related to the Transfers referenced in this Agreement, <u>except</u> <u>that</u> this release shall not release or limit any future obligation, duty, or liability arising in the future (whether

Ecolab Settlement

pursuant to this Agreement or otherwise), Ecolab's existing proof of claim (claim number 21), or any ability or right to enforce this Agreement.

(b) Upon entry of the Approval Order, Ecolab absolutely and forever releases, acquits and discharges the Trustee, the Bankruptcy Estate, the Trustee's counsel, and the Trustee's other professionals from any and all potential or actual claims, causes of action, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which Ecolab may have, or ever had, whether at law or in equity, relating to the Bankruptcy Estate, including, without limitation, claims relating to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability arising in the future (whether pursuant to this Agreement or otherwise), nor shall it release or limit Ecolab's existing unsecured proof of claim (claim number 21), Ecolab's Administrative Claim (as reduced to $55,000) or any ability or right to enforce this Agreement.

5. <u>Compromise of Disputed Claims</u>. It is understood and agreed that this Agreement is the good faith compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each party to this Agreement expressly denies any liability or responsibility whatsoever.

6. <u>Attorneys' Fees</u>. With respect to the subject of this Agreement, each Party shall bear its own attorneys' fees and costs.

7. <u>Governing Law; Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada. The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of or disputes arising from or related to this Agreement.

8. <u>Authority</u>. Each Party hereby represents, warrants and covenants: (a) that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party; (b) that such Party owns and has not assigned, delegated, conveyed, pledged, encumbered or otherwise transferred, in whole or in part, any of the claims released by such Party pursuant to this Agreement; and (c) that the execution, delivery and performance of this Agreement does not contravene, or result in a default, of any provision of any agreement or instrument to which any Party is bound.

9. <u>Severability</u>. This Agreement shall be enforced to the maximum extent permitted by law. In the event that any one or more of the phrases, sentences, sections, or paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted

except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

10. <u>Entire Agreement</u>. This Agreement embodies the entire agreement and understanding between the Parties and supersedes any and all prior or concurrent Agreements, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any. Neither Party has made any representations upon which either Party has relied that are not contained in this Agreement relating to the foregoing matters. Neither Party is relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

11. <u>No Modification, Waiver, or Amendment</u>. No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by the Parties with the same formality as this Agreement, and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

12. <u>Counterparts</u>. The Parties agree that this Agreement may be executed in counterparts and will become effective, subject to exchange of signature pages and subject to the Agreements set forth above. Signatures transmitted by facsimile, pdf or other electronic means shall be deemed to be originals.

13. <u>Assignment</u>. Neither Party shall transfer or assign any of its rights, remedies or obligations under this Agreement; provided however, this provision shall not be construed to prevent Ecolab from assigning the Administrative Claim (subject to the terms of this Agreement) or its unsecured proof of claim.

14. <u>Successors</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

15. <u>Further Assurances</u>. The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

16. <u>Third Party Beneficiaries</u>. This Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their respective successors and permitted assigns.

[SIGNATURE PAGE FOLLOWS]

Dated this ____ day of _____, 2019.   Dated this 31 day of January, 2019.

SHELLEY D. KROHN, CHAPTER 7 TRUSTEE   ECOLAB INC., AKA ECOLAB TEXTILE CARE

_____   _____
Shelley D. Krohn, *Chapter 7 Trustee of the*
*Bankruptcy Estate of Superior Linen, LLC*    By: Megan Johnson

Its: _____