1  Jeanette E. McPherson, Esq., NV Bar No. 5423
   Schwartzer & McPherson Law Firm
2  2850 South Jones Blvd., Suite 1
   Las Vegas, Nevada 89146-5308
3  Telephone:    (702) 228-7590
   Facsimile:    (702) 892-0122
4  E-Mail:    bkfilings@s-mlaw.com
5

6  *Attorneys for Shelley Krohn, Trustee*

7              **UNITED STATES BANKRUPTCY COURT**

8                      **DISTRICT OF NEVADA**

9  In re:                              Case No. BK-S-16-15388-MKN

10 SUPERIOR LINEN, LLC                 Chapter 7

11                          Debtor.    **OMNIBUS NOTICE OF ENTRY OF:**

12                                      **1) ORDER GRANTING MOTION FOR
                                        APPROVAL OF SETTLEMENT**
13                                      **AGREEMENT WITH ECOLAB INC., aka
                                        ECOLAB TEXTILE CARE [ECF 686];**
14

15                                      **2) ORDER GRANTING MOTION FOR
                                        APPROVAL OF SETTLEMENT**
16                                      **AGREEMENT WITH CHEMTAINER
                                        INDUSTRIES INC. [ECF 687];**
17
                                        **3) ORDER GRANTING MOTION FOR
18                                      APPROVAL OF SETTLEMENT
                                        AGREEMENT WITH**
19                                      **THELAUNDRYLIST.COM, INC. [ECF 688],
                                        AND**
20

21                                      **4) ORDER GRANTING MOTION FOR
                                        APPROVAL OF SETTLEMENT**
22                                      **AGREEMENT WITH VENUS GROUP, LLC
                                        [ECF 689].**
23

24         NOTICE IS HEREBY GIVEN that an *Order Granting Motion For Approval Of Settlement*

25 *Agreement With Ecolab Inc., Aka Ecolab Textile Care* [ECF 686]; an *Order Granting Motion For*

26 *Approval Of Settlement Agreement With Chemtainer Industries, Inc.* [ECF 687]; an *Order*

27 *Granting Motion For Approval Of Settlement Agreement With TheLaundryList.com, Inc.* [ECF

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  688]; and an *Order Granting Motion For Approval Of Settlement Agreement With Venus Group,*

2  *LLC* [ECF 689] were entered on March 21, 2019 a copy of which is attached hereto.

3       Dated this 21st day of March, 2019.

4

5                                 */s/ Jeanette E. McPherson*

6                                 Jeanette E. McPherson, Esq.

                               Schwartzer & McPherson Law Firm

7                                 2850 South Jones Boulevard, Suite 1

                               Las Vegas, NV  89146

8                                 *Attorneys for Shelley D. Krohn, Trustee*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

**CERTIFICATE OF SERVICE**

1. I caused to be served the following document(s):

    a)    Omnibus Notice Of Entry Of: 1) Order Granting Motion For Approval Of Settlement Agreement With Ecolab Inc., Aka Ecolab Textile Care [ECF 686]; 2) Order Granting Motion For Approval Of Settlement Agreement With Chemtainer Industries Inc. [ECF 687]; 3) Order Granting Motion For Approval Of Settlement Agreement With Thelaundrylist.Com, Inc. [ECF 688], And 4) Order Granting Motion For Approval Of Settlement Agreement With Venus Group, LLC [ECF 689].

2. I served the above-named document(s) by the following means to the persons as listed below:

◾   a.    **By ECF System (On 03/25/2019):**

RYAN A. ANDERSEN on behalf of Interested Party ECOLAB INC.

ryan@vegaslawfirm.legal, tatiana@vegaslawfirm.legal;ecf-df8b00a4597e@ecf.pacerpro.com;notices@nextchapterbk.com p

BRETT A. AXELROD on behalf of Interested Party LAS VEGAS LINEN, LLC

baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com

BRANDY L BROWN on behalf of Creditor BALTIC LINEN CO INC

bbrown@ajkunglaw.com,

ajkung@ajkunglaw.com;paralegal2@ajkunglaw.com;paralegal5@ajkunglaw.com

CANDACE C CARLYON on behalf of Creditor Committee OFFICIAL UNSECURED CREDITORS COMMITTEE

ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

CANDACE C CARLYON on behalf of Other Prof. MORRIS POLICH & PURDY LLP

ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

CANDACE C CARLYON on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1   CREDITORS

2   ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-

3   1221@ecf.pacerpro.com

4   LARS EVENSEN on behalf of Creditor 13TH STREET PROPERTIES NORTH, LLC

5   lkevensen@hollandhart.com, tmabrante@hollandhart.com

6   LARS EVENSEN on behalf of Creditor 13TH STREET PROPERTY, LLC

7   lkevensen@hollandhart.com, tmabrante@hollandhart.com

8   SCOTT D. FLEMING on behalf of Defendant VENUS GROUP, LLC

9   sfleming@klnevada.com, mbarnes@klnevada.com;bankruptcy@klnevada.com

10  JOHN C. FUNK on behalf of Creditor DTG LAS VEGAS, LLC

11  jfunk@gmk-law.com

12  BLAKELEY E. GRIFFITH on behalf of Creditor CITY OF NORTH LAS VEGAS

13  bgriffith@swlaw.com,

14  docket_las@swlaw.com;gkim@swlaw.com;jmath@swlaw.com;jstevenson@swlaw.com

15  KIRBY C. GRUCHOW, JR. on behalf of Creditor NEVADA POWER COMPANY d/b/a NV

16  ENERGY

17  hkelley@lkglawfirm.com

18  KRISTOPHER M. HELMICK on behalf of Creditor DASHEE MILLER

19  khelmick@richardharrislaw.com

20  KRISTOPHER M. HELMICK on behalf of Creditor ROSHUNDA CHOVAN

21  khelmick@richardharrislaw.com

22  BRIAN E HOLTHUS on behalf of Creditor RIVERSIDE RESORT AND CASINO, LLC

23  bankruptcy@juww.com, bankruptcy@juwlaw.com;mw@juwlaw.com;kom@juwlaw.com

24  H STAN JOHNSON on behalf of Defendant SHIMMER CLOTHING INC.

25  sjohnson@cohenjohnson.com,

26  calendar@cohenjohnson.com;rjohnson@cohenjohnson.com;sgondek@cohenjohnson.com

27  H STAN JOHNSON on behalf of Interested Party MAX ENTERPRISES, LLC

28  sjohnson@cohenjohnson.com,

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1 | calendar@cohenjohnson.com;rjohnson@cohenjohnson.com;sgondek@cohenjohnson.com

2 | ROBERT R. KINAS on behalf of Creditor CITY OF NORTH LAS VEGAS

3 | rkinas@swlaw.com,

4 | jmath@swlaw.com;mfull@swlaw.com;docket_las@swlaw.com;nkanute@swlaw.com;jstevenson

5 | @swlaw.com

6 | MICHAEL S KOGAN on behalf of Creditor BALTIC LINEN CO INC

7 | mkogan@koganlawfirm.com

8 | MICHAEL S KOGAN on behalf of Defendant BALTIC LINEN COMPANY, INC.

9 | mkogan@koganlawfirm.com

10 | MICHAEL S KOGAN on behalf of Defendant THELAUNDRYLIST.COM, INC.

11 | mkogan@koganlawfirm.com

12 | MICHAEL S KOGAN on behalf of Interested Party BALTIC LINEN COMPANY, INC.

13 | mkogan@koganlawfirm.com

14 | SHELLEY D KROHN

15 | shelley@trusteekrohn.com,

16 | NV27@ecfcbis.com;becca@trusteekrohn.com;jan@trusteekrohn.com;candace@trusteekrohn.com

17 | A.J. KUNG on behalf of Creditor BALTIC LINEN CO INC

18 | ajkung@ajkunglaw.com,

19 | bbrown@ajkunglaw.com;paralegal2@ajkunglaw.com;paralegal5@ajkunglaw.com;paralegal6@aj

20 | kunglaw.com;mbeckstead@ajkunglaw.com

21 | BRYAN A. LINDSEY on behalf of Creditor RD VII INVESTMENTS, LLC

22 | bryan@nvfirm.com, schwartzecf@gmail.com

23 | JEANETTE E. MCPHERSON on behalf of Counter-Defendant SHELLEY D. KROHN

24 | bkfilings@s-mlaw.com

25 | JEANETTE E. MCPHERSON on behalf of Interested Party SHELLEY D. KROHN

26 | bkfilings@s-mlaw.com

27 | JEANETTE E. MCPHERSON on behalf of Plaintiff SHELLEY D KROHN

28 | bkfilings@s-mlaw.com

1  JEANETTE E. MCPHERSON on behalf of Plaintiff SHELLEY D. KROHN

2  bkfilings@s-mlaw.com

3  JEANETTE E. MCPHERSON on behalf of Trustee SHELLEY D KROHN

4  bkfilings@s-mlaw.com

5  VERNON A NELSON, JR on behalf of Creditor LVGV, LLC DBA THE M RESORT SPA AND

6  CASINO

7  vnelson@nelsonlawfirmlv.com, Mail@nelsonlawfirmlv.com

8  WILLIAM M. NOALL on behalf of Counter-Claimant NEVADA PROPERTY 1, LLC

9  bknotices@gtg.legal, wnoall@gtg.legal

10  WILLIAM M. NOALL on behalf of Creditor NEVADA PROPERTY 1 LLC DBA THE

11  COSMOPOLITAN OF LAS VEGAS

12  bknotices@gtg.legal, wnoall@gtg.legal

13  WILLIAM M. NOALL on behalf of Defendant NEVADA PROPERTY 1, LLC

14  bknotices@gtg.legal, wnoall@gtg.legal

15  ALLYSON R. NOTO on behalf of Creditor Icon Pac Nevada Owner Pool 3, Nevada, LLC

16  allyson@sylvesterpolednak.com, kellye@sylvesterpolednak.com

17  AMANDA M. PERACH on behalf of Creditor MIDWEST COMMUNITY DEVELOPMENT

18  FUND VII, LLC

19  aperach@mcdonaldcarano.com, kkirn@mcdonaldcarano.com

20  SAMUEL A. SCHWARTZ on behalf of Creditor RD VII INVESTMENTS, LLC

21  saschwartz@bhfs.com,

22  ECF@bhfs.com;schwartzsr45599@notify.bestcase.com;sheacr80693@notify.bestcase.com;cshea

23  @bhfs.com

24  SAMUEL A. SCHWARTZ on behalf of Defendant RD VII INVESTMENTS, LLC

25  saschwartz@bhfs.com,

26  ECF@bhfs.com;schwartzsr45599@notify.bestcase.com;sheacr80693@notify.bestcase.com;cshea

27  @bhfs.com

28  SAMUEL A. SCHWARTZ on behalf of Defendant RD VII, LLC

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  saschwartz@bhfs.com,

2  ECF@bhfs.com;schwartzsr45599@notify.bestcase.com;sheacr80693@notify.bestcase.com;cshea

3  @bhfs.com

4  MICHAEL A. SHAKOURI on behalf of Creditor DTG LAS VEGAS, LLC

5  mshakouri@goodkinlynch.com

6  BRIAN D. SHAPIRO on behalf of Creditor THELAUNDRYLIST.COM

7  brian@brianshapirolaw.com, connie@brianshapirolaw.com

8  JEFFREY R. SYLVESTER on behalf of Creditor Icon Pac Nevada Owner Pool 3, Nevada, LLC

9  jeff@sylvesterpolednak.com, bridget@sylvesterpolednak.com;kellye@sylvesterpolednak.com

10  MARK M. WEISENMILLER on behalf of Creditor NEVADA PROPERTY 1 LLC DBA THE

11  COSMOPOLITAN OF LAS VEGAS

12  mweisenmiller@gtg.legal, bknotices@gtg.legal

13  RYAN J. WORKS on behalf of Creditor MIDWEST COMMUNITY DEVELOPMENT FUND

14  VII, LLC

15  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

16  RYAN J. WORKS on behalf of Creditor ANDREW GASSER

17  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

18  RYAN J. WORKS on behalf of Creditor D. W. "DOC" WIENER

19  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

20  RYAN J. WORKS on behalf of Creditor FRED SOTO

21  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

22  RYAN J. WORKS on behalf of Creditor PHILIPPE PAGEAU-GOYETTE

23  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

24  RYAN J. WORKS on behalf of Creditor PHILIPPE PAGEAU GOYETTE

25  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

26  RYAN J. WORKS on behalf of Creditor REX RUNZHEIMER

27  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

28  RYAN J. WORKS on behalf of Creditor RICHARD KEISTER

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

2  RYAN J. WORKS on behalf of Defendant BRIGHTLIGHT HOLDINGS, LLC

3  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

4  RYAN J. WORKS on behalf of Defendant ESC CAPITAL

5  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

6  RYAN J. WORKS on behalf of Defendant FORTUNA & SONS, LLC

7  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

8  RYAN J. WORKS on behalf of Defendant FORTUNA PARTNERS

9  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

10  RYAN J. WORKS on behalf of Defendant FORTUNA PARTNERS ONE, LLC

11  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

12  RYAN J. WORKS on behalf of Defendant LITTLE CURRENT, LLC

13  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

14  RYAN J. WORKS on behalf of Defendant M-SUPERIOR INVESTOR, LLC

15  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

16  RYAN J. WORKS on behalf of Defendant MAX ENTERPRISES, LLC

17  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

18  RYAN J. WORKS on behalf of Defendant MONTRESOR CORPORATION

19  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

20  RYAN J. WORKS on behalf of Defendant NAMERIKO, LLC

21  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

22  RYAN J. WORKS on behalf of Defendant NEW IMAGE DRY CLEANERS, LLC

23  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

24  RYAN J. WORKS on behalf of Defendant SPG INVESTMENTS, LLC

25  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

26  RYAN J. WORKS on behalf of Defendant ANDREW GASSER

27  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

28  RYAN J. WORKS on behalf of Defendant D.W. "DOC" WEINER

1  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

2  RYAN J. WORKS on behalf of Defendant DARYL HERMANN

3  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

4  RYAN J. WORKS on behalf of Defendant FLORIAN NANZ

5  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

6  RYAN J. WORKS on behalf of Defendant FRED SETO

7  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

8  RYAN J. WORKS on behalf of Defendant MORITZ KRATZER

9  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

10  RYAN J. WORKS on behalf of Defendant PHILIPE PAGEAU-GOYETTE

11  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

12  RYAN J. WORKS on behalf of Defendant REX RUNZHEIMER

13  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

14  RYAN J. WORKS on behalf of Defendant RICHARD KEISTER

15  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

16  RYAN J. WORKS on behalf of Plaintiff OFFICIAL COMMITTEE OF UNSECURED

17  CREDITORS

18  rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

19  MATTHEW C. ZIRZOW on behalf of Debtor SUPERIOR LINEN, LLC

20  mzirzow@lzklegal.com,

21  carey@lzklegal.com;trish@lzklegal.com;sara@lzklegal.com;carita@lzklegal.com

22  MATTHEW C. ZIRZOW on behalf of Other Prof. LARSON & ZIRZOW, LLC

23  mzirzow@lzklegal.com,

24  carey@lzklegal.com;trish@lzklegal.com;sara@lzklegal.com;carita@lzklegal.com

25  ☐   b.   **By United States mail, postage fully prepaid**

26  ☐   c.   **By Personal Service**

27      ☐   I personally delivered the document(s) to the persons at these addresses:

28      ☐   For a party represented by an attorney, delivery was made by handing the

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐     For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐     d.     **By direct email (as opposed to through the ECF System)**

Based upon the written agreement to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐     e.     **By fax transmission**

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

☐     f.     **By messenger**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: March 25, 2019

Taylor N. Jorgensen
(Name of Declarant)

/s/ Taylor N. Jorgensen
(Signature of Declarant)

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Case 16-15388-mkn   Doc 686   Entered 03/21/19 14:15:27   Page 1 of 8

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 21, 2019

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone:     (702) 228-7590
Facsimile:      (702) 892-0122
E-Mail:          bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.  BK-S-16-15388-MKN |
| SUPERIOR LINEN, LLC, | Chapter 7 |
| Debtor | **ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH ECOLAB INC., aka ECOLAB TEXTILE CARE** |
| | Hearing Date:  March 20, 2019 |
| | Hearing Time: 9:30 a.m. |

The Motion For Approval Of Settlement Agreement With Ecolab Inc., aka Ecolab Textile

Care having come before this Court on March 20, 2019; Shelley D. Krohn, Trustee appearing by

and through her counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm;

there being no other appearances; the Court having reviewed the pleadings on file and determined

that proper notice was given and there being no opposition; the Court having made its findings of

fact and conclusions of law on the record; and for good cause shown, it is hereby

ORDERED that the Motion For Approval Of Settlement Agreement With Ecolab Inc., aka

Ecolab Textile Care is granted in its entirety and the Settlement Agreement attached hereto as

**Exhibit 1** is approved; and it is further

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    ORDERED that this order serves to modify the Order Granting Motion For Allowance

2    And Payment Of Administrative Expense Claims ("Administrative Claim Order") entered on

3    November 17, 2017 to amend the allowed amount in the Administrative Claim Order so that

4    Ecolab Inc., aka Ecolab Textile Care now hereby holds a fully and finally allowed Chapter 11

5    administrative claim in the amount of $55,000.00.

6    Submitted by:

7    /s/ Jeanette E. McPherson
     Jeanette E. McPherson, Esq.
8    Schwartzer & McPherson Law Firm
     2850 S. Jones Blvd., Suite 1
9    Las Vegas, NV 89146
     *Attorneys for Shelley D. Krohn, Chapter 7 Trustee*
10

11                    **RULE 9021 CERTIFICATION**

12   In accordance with LR 9021, counsel submitting this document certifies that the Order accurately
13   reflects the court's ruling and that (check one):

14   ☐    The court has waived the requirement set forth in LR 9021 (b)(1).

15   ☒    No party appeared at the hearing or filed an objection to the motion.

16   ☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing,
17        and any unrepresented parties who appeared at the hearing, and each has approved or
          disapproved the order, or failed to respond, as indicated above.
18
19   ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order
          with the motion pursuant to LR 9014(g), and that no party has objected to the form or
20        content of the order.

21   /s/ Jeanette E. McPherson
     Jeanette E. McPherson, Esq.
22                                        # # #

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the day set forth below by and between Shelley D. Krohn, Chapter 7 Trustee for the bankruptcy estate of Superior Linen, LLC (BK-S-16-15388-MKN) (the "Trustee") and Ecolab Inc., aka Ecolab Textile Care ( "Ecolab"). Each may hereinafter be referred to as a "Party," or collectively as the "Parties."

## RECITALS

WHEREAS, on September 30, 2016, Superior Linen, LLC ("Superior"), filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) ("Petition Date"). The case is pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court") as case number BK-S-16-15388-MKN. Superior's case was converted to one under Chapter 7 on August 21, 2017.

WHEREAS, Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Superior (the "Bankruptcy Estate").

WHEREAS, prepetition, Superior made payments to Ecolab within 90 days of the Petition Date (the "Transfers"). The Transfers are as follows:

| Check Amount | Check No. | Date Issued | Date Honored |
|---|---|---|---|
| $30,897.43 | 34655 | June 7, 2016 | July 18, 2016 |
| $5,097.41 | 34778 | July 14, 2016 | July 26, 2016 |
| $32,343.88 | 34848 | August 8, 2016 | August 22, 2016 |
| $33,610.22 | 35112 | September 26, 2016 | September 30, 2016 |

WHEREAS, on September 30, 2018, the Trustee filed a complaint for avoidance of the Transfers pursuant to 11 U.S.C. §§ 547 and 550 initiating adversary proceeding 18-01096-MKN (the "Adversary Proceeding").

WHEREAS, the Trustee has claimed that the Transfers may constitute avoidable transfers under 11 U.S.C. § 547 and § 550. Ecolab has asserted that it has defenses to the Trustee's claims.

WHEREAS, pursuant to an Order Granting Motion For Allowance And Payment Of Administrative Expense Claims ("Administrative Claim Order") entered on November 17, 2017, Ecolab has a fully and finally allowed Chapter 11 administrative claim in the amount of $80,592.14 ("Administrative Claim").

Ecolab Settlement

1 of 5

WHEREAS, the Parties have reviewed their respective claims and defenses, and believe it is in the best interest of those involved to settle, compromise, and resolve the disputes between the Parties mentioned above, and wish to do so through this Agreement, doing so freely and voluntarily, after having had the opportunity to seek the advice of counsel with full knowledge of the binding and conclusive nature thereof. The Trustee believes that resolution is in the best interest of the Bankruptcy Estate and its creditors.

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, each of the Parties, without any admission of wrongdoing by any of them, agree as follows:

1.      <u>Recitals</u>. All of the foregoing Recitals are true and correct. The foregoing Recitals are incorporated herein by such reference and made a part of this Agreement.

2.      <u>Consideration</u>. In consideration of the dismissal, with prejudice, of the Adversary Proceeding, and the other mutual promises and agreements contained herein, Ecolab's Administrative Claim shall be reduced by the amount of $25,592.14, leaving Ecolab's Administrative Claim in the fully and finally allowed, and revised, amount of Fifty-Five Thousand Dollars ($55,000.00). The order approving this Agreement shall state that it is modifying the Administrative Claim Order to amend the allowed amount of Ecolab's Administrative Claim.

3.      <u>Contingent on Bankruptcy Court Approval</u>. The Parties acknowledge that this Agreement, and all agreements, obligations and releases contained herein, are contingent upon Bankruptcy Court approval. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be deemed null and void. Within five (5) business days of the full execution of this Agreement, the Trustee shall prepare and file a motion with the Bankruptcy Court for the approval of this Agreement pursuant to Bankruptcy Rule 9019, and the order approving this Agreement (the "Approval Order") shall be reasonably acceptable to Ecolab in form and substance. Within five (5) business days of the entry of the Approval Order, the Trustee will dismiss the Adversary Proceeding, with prejudice, without costs to any Party. The Trustee and Ecolab will also cooperate to obtain a stay of any other proceedings in the Adversary Proceeding pending Bankruptcy Court approval of this Agreement.

4.      <u>Releases and Full Satisfaction</u>.

(a) General Releases. Upon entry of the Approval Order, the Trustee absolutely and forever releases, acquits and discharges Ecolab from any and all potential or actual claims, causes of action, derivative claims, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which the Trustee now has, or ever has had, whether at law or in equity, including, without limitation, claims related to the Transfers referenced in this Agreement, <u>except that</u> this release shall not release or limit any future obligation, duty, or liability arising in the future (whether

pursuant to this Agreement or otherwise), Ecolab's existing proof of claim (claim number 21), or any ability or right to enforce this Agreement.

(b)    Upon entry of the Approval Order, Ecolab absolutely and forever releases, acquits and discharges the Trustee, the Bankruptcy Estate, the Trustee's counsel, and the Trustee's other professionals from any and all potential or actual claims, causes of action, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which Ecolab may have, or ever had, whether at law or in equity, relating to the Bankruptcy Estate, including, without limitation, claims relating to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability arising in the future (whether pursuant to this Agreement or otherwise), nor shall it release or limit Ecolab's existing unsecured proof of claim (claim number 21), Ecolab's Administrative Claim (as reduced to $55,000) or any ability or right to enforce this Agreement.

5.    Compromise of Disputed Claims.  It is understood and agreed that this Agreement is the good faith compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each party to this Agreement expressly denies any liability or responsibility whatsoever.

6.    Attorneys' Fees.  With respect to the subject of this Agreement, each Party shall bear its own attorneys' fees and costs.

7.    Governing Law; Jurisdiction.  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.  The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of or disputes arising from or related to this Agreement.

8.    Authority.  Each Party hereby represents, warrants and covenants:  (a) that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party; (b) that such Party owns and has not assigned, delegated, conveyed, pledged, encumbered or otherwise transferred, in whole or in part, any of the claims released by such Party pursuant to this Agreement; and (c) that the execution, delivery and performance of this Agreement does not contravene, or result in a default, of any provision of any agreement or instrument to which any Party is bound.

9.    Severability.  This Agreement shall be enforced to the maximum extent permitted by law.  In the event that any one or more of the phrases, sentences, sections, or paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted

except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

10.     <u>Entire Agreement</u>. This Agreement embodies the entire agreement and understanding between the Parties and supersedes any and all prior or concurrent Agreements, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any. Neither Party has made any representations upon which either Party has relied that are not contained in this Agreement relating to the foregoing matters. Neither Party is relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

11.     <u>No Modification, Waiver, or Amendment</u>. No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by the Parties with the same formality as this Agreement, and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

12.     <u>Counterparts</u>. The Parties agree that this Agreement may be executed in counterparts and will become effective, subject to exchange of signature pages and subject to the Agreements set forth above. Signatures transmitted by facsimile, pdf or other electronic means shall be deemed to be originals.

13.     <u>Assignment</u>. Neither Party shall transfer or assign any of its rights, remedies or obligations under this Agreement; provided however, this provision shall not be construed to prevent Ecolab from assigning the Administrative Claim (subject to the terms of this Agreement) or its unsecured proof of claim.

14.     <u>Successors</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

15.     <u>Further Assurances</u>. The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

16.     <u>Third Party Beneficiaries</u>. This Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their respective successors and permitted assigns.

[SIGNATURE PAGE FOLLOWS]

Ecolab Settlement

Dated this _____ day of _____, 2019.

SHELLEY D. KROHN, CHAPTER 7 TRUSTEE

_____

Shelley D. Krohn, *Chapter 7 Trustee of the Bankruptcy Estate of Superior Linen, LLC*

Dated this _31_ day of _January_, 2019.

ECOLAB INC., AKA ECOLAB TEXTILE CARE

_____

By: _Megan Johnson_____

Its:_____

Ecolab Settlement

5 of 5



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 21, 2019

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone:      (702) 228-7590
Facsimile:      (702) 892-0122
E-Mail:         bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-16-15388-MKN |
| SUPERIOR LINEN, LLC, | Chapter 7 |
| Debtor | **ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH CHEM-TAINER INDUSTRIES INC.** |
| | Hearing Date:  March 20, 2019<br>Hearing Time: 9:30 a.m. |

The Motion For Approval Of Settlement Agreement With Chem-Tainer Industries Inc.
having come before this Court on March 20, 2019; Shelley D. Krohn, Trustee appearing by and
through her counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm; Chem-
Tainer Industries, Inc., appearing by and through its counsel, James T. Leavitt, Esq. of Leavitt
Legal Services, PC,  there being no other appearances; the Court having reviewed the pleadings on
file and determined that proper notice was given and there being no opposition; the Court having
made its findings of fact and conclusions of law on the record; and for good cause shown, it is
hereby

///

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1          ORDERED that the Motion For Approval Of Settlement Agreement With Chem-Tainer

2    Industries Inc. is granted in its entirety and the Settlement Agreement attached hereto as **Exhibit 1**

3    is approved.

4    Submitted by:

5    /s/ Jeanette E. McPherson
    Jeanette E. McPherson, Esq.
6    Schwartzer & McPherson Law Firm
    2850 S. Jones Blvd., Suite 1
7    Las Vegas, NV  89146
    *Attorneys for Shelley D. Krohn, Chapter 7 Trustee*
8

9    **RULE 9021 CERTIFICATION**

10
    In accordance with LR 9021, counsel submitting this document certifies that the Order accurately
11    reflects the court's ruling and that (check one):

12    ☐    The court has waived the requirement set forth in LR 9021 (b)(1).

13    ☐    No party appeared at the hearing or filed an objection to the motion.

14    ☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing,
15    and any unrepresented parties who appeared at the hearing, and each has approved or
    disapproved the order, or failed to respond, as indicated below:
16

17        James T. Leavitt, Esq., Attorney for Chem-Tainer Industries, Inc.    WAIVED APPROVAL

18    ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order
    with the motion pursuant to LR 9014(g), and that no party has objected to the form or
19    content of the order.

20    /s/ Jeanette E. McPherson
    Jeanette E. McPherson, Esq.
21                              # # #

22

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the day set forth below by and between Shelley D. Krohn, Chapter 7 Trustee for the bankruptcy estate of Superior Linen, LLC (BK-S-16-15388-MKN) (the "Trustee") and Chem-tainer Industries, Inc. ("Chemtainer").   Each may hereinafter be referred to as a "Party," or collectively as the "Parties."

## RECITALS

WHEREAS, on September 30, 2016, Superior Linen, LLC ("Superior"), filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) ("Petition Date").  The case is pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court") as case number BK-S-16-15388-MKN. Superior's case was converted to one under Chapter 7 on August 21, 2017.

WHEREAS, Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Superior (the "Bankruptcy Estate").

WHEREAS, prepetition, Superior made payments to Chemtainer (the "Transfers").  The Transfers are as follows:

| Check Amount | Check No. | Date Issued | Date Honored |
|---|---|---|---|
| $22,951.59 | 34811 | July 25, 2016 | August 8, 2016 |
| $19,492.41 | 34839 | August 4, 2016 | August 8, 2016 |
| $21,222.00 | 34906 | August 15, 2016 | August 22, 2016 |
| $9,900.00 | 34912 | August 17, 2016 | August 22, 2016 |
| $12,450.00 | 34920 | August 18, 2016 | August 22, 2016 |
| $23,312.00 | 34942 | August 24, 2016 | September 1, 2016 |
| $20,174.00 | 34969 | August 30, 2016 | September 14, 2016 |
| $22,012.00 | 35077 | September 19, 2016 | September 26, 2016 |

WHEREAS, on September 30, 2018, the Trustee filed a complaint for avoidance of the Transfers pursuant to 11 U.S.C. §§ 547 and 550 initiating adversary proceeding 18-01097-MKN.

WHEREAS, the Trustee has claimed that the Transfers may constitute avoidable transfers under 11 U.S.C. § 547 and § 550. Chemtainer has asserted that it has defenses to the Trustee's

Chemtainer Settlement

claim that the Transfers may constitute avoidable transfers.

WHEREAS, the Parties have reviewed their respective claims and defenses, and believe it is in the best interest of those involved to settle, compromise, and resolve the disputes between the Parties mentioned above, and wish to do so through this Agreement, doing so freely and voluntarily, after having had the opportunity to seek the advice of counsel with full knowledge of the binding and conclusive nature thereof. The Trustee believes that resolution is in the best interest of the Bankruptcy Estate and its creditors.

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, each of the Parties, without any admission of wrongdoing by any of them, agree as follows:

1.    Recitals. All of the foregoing Recitals are true and correct. The foregoing Recitals are incorporated herein by such reference and made a part of this Agreement.

2.    Consideration. Chemtainer shall pay the Trustee the total sum of Seventeen Thousand Three Hundred Dollars ($17,300.00) (the "Settlement Amount").

3.    Contingent on Bankruptcy Court Approval. The Parties acknowledge that this Agreement, and all obligations and releases contained herein, are contingent upon Bankruptcy Court approval. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be deemed null and void.

4.    Releases and Full Satisfaction.
(a) General Releases. Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, the Trustee absolutely and forever releases, acquits and discharges Chemtainer from any and all potential or actual claims, causes of action, derivative claims, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which the Trustee now has, or ever has had, whether at law or in equity, with respect to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this Agreement or otherwise) or Chemtainer's existing proof of claim (claim number 66), or any ability or right to enforce this Agreement.

(b)    Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, Chemtainer absolutely and forever releases, acquits and discharges the Trustee, the Bankruptcy Estate, the Trustee's counsel, and the Trustee's other professionals from any and all potential or actual claims, causes of action, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which he may have, or ever had, whether at law or in equity, with respect to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this

Agreement or otherwise) or Chemtainer's existing proof of claim (claim number 66), or any ability or right to enforce this Agreement.

5.    <u>Compromise of Disputed Claims</u>.  It is understood and agreed that this Agreement is the good faith compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each party to this Settlement Agreement expressly denies any liability or responsibility whatsoever.

6.    <u>Attorneys' Fees</u>.  With respect to the subject of this Agreement, each Party shall bear its own attorneys' fees and costs except in the event of default as set forth above.

7.    <u>Governing Law; Jurisdiction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.  The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of or disputes arising from or related to this Agreement.

8.    <u>Authority</u>.  Each Party hereby represents, warrants and covenants:  (a) that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party; (b) that such Party owns and has not assigned, delegated, conveyed, pledged, encumbered or otherwise transferred, in whole or in part, any of the claims released by such Party pursuant to this Agreement; and (c) that the execution, delivery and performance of this Agreement does not contravene, or result in a default, of any provision of any agreement or instrument to which any Party is bound.

9.    <u>Severability</u>.  This Agreement shall be enforced to the maximum extent permitted by law.  In the event that any one or more of the phrases, sentences, sections, or paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

10.    <u>Entire Agreement</u>.  This Agreement embodies the entire agreement and understanding between the Parties and supersedes any and all prior or concurrent Agreements, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any.  Neither Party has made any representations upon which either Party has relied that are not contained in this Agreement relating to the foregoing matters.  Neither Party is relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

Chemtainer Settlement

11.     <u>No Modification, Waiver, or Amendment</u>.  No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by the Parties with the same formality as this Agreement, and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

12.     <u>Counterparts</u>.  The Parties agree that this Agreement may be executed in counterparts and will become effective, subject to exchange of signature pages and subject to the Agreements set forth above.

13.     <u>Assignment</u>.  Neither Party shall transfer or assign any of its rights, remedies or obligations under this Agreement.

14.     <u>Successors</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

15.     <u>Further Assurances</u>.  The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

16.     <u>Third Party Beneficiaries</u>.  This Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their respective successors and permitted assigns.

Dated this ____ day of _____, 2019.

SHELLEY D. KROHN, CHAPTER 7 TRUSTEE

_____
Shelley D. Krohn, *Chapter 7 Trustee of the*
*Bankruptcy Estate of Superior Linen, LLC*

Dated this 4 day of February, 2019.

CHEM-TAINER INDUSTRIES, INC.

_____

By: _____JAMES B GLEN_____

Its: _____PRESIDENT_____

Chemtainer Settlement

4 of 4



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 21, 2019

1
2
3
4
5

6   Jeanette E. McPherson, Esq., NV Bar No. 5423
7   Schwartzer & McPherson Law Firm
    2850 South Jones Blvd., Suite 1
8   Las Vegas, Nevada 89146-5308
    Telephone:   (702) 228-7590
9   Facsimile:   (702) 892-0122
    E-Mail:      bkfilings@s-mlaw.com
10

11  *Attorneys for Shelley D. Krohn, Trustee*

12              **UNITED STATES BANKRUPTCY COURT**

13                       **DISTRICT OF NEVADA**

14  In re:                              Case No.  BK-S-16-15388-MKN

15  SUPERIOR LINEN, LLC,                Chapter 7

16                          Debtor      **ORDER GRANTING MOTION FOR**
                                        **APPROVAL OF SETTLEMENT**
17                                      **AGREEMENT WITH**
                                        **THELAUNDRYLIST.COM, INC.**
18
19                                      Hearing Date: March 20, 2019
                                        Hearing Time: 9:30 a.m.
20

21          The Motion For Approval Of Settlement Agreement With TheLaundryList.Com, Inc.

22  having come before this Court on March 20, 2019; Shelley D. Krohn, Trustee appearing by and

23  through her counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm; there

24  being no other appearances; the Court having reviewed the pleadings on file and determined that

25  proper notice was given and there being no opposition; the Court having made its findings of fact

26  and conclusions of law on the record; and for good cause shown, it is hereby

27  / / /

28  / / /

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

Order re motion re settlement re Laundry - Main.doc                    Page 1 of 2

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1    ORDERED that the Motion For Approval Of Settlement Agreement With

2    TheLaundryList.Com, Inc. is granted in its entirety and the Settlement Agreement attached hereto

3    as **Exhibit 1** is approved.

4    Submitted by:

5    /s/ Jeanette E. McPherson
     Jeanette E. McPherson, Esq.
6    Schwartzer & McPherson Law Firm
     2850 S. Jones Blvd., Suite 1
7    Las Vegas, NV  89146
8    *Attorneys for Shelley D. Krohn, Chapter 7 Trustee*

9                          **RULE 9021 CERTIFICATION**

10   In accordance with LR 9021, counsel submitting this document certifies that the Order accurately
     reflects the court's ruling and that (check one):
11

12   ☐    The court has waived the requirement set forth in LR 9021 (b)(1).

13   ☒    No party appeared at the hearing or filed an objection to the motion.

14   ☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing,
          and any unrepresented parties who appeared at the hearing, and each has approved or
15        disapproved the order, or failed to respond, as indicated above.

16   ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order
          with the motion pursuant to LR 9014(g), and that no party has objected to the form or
17        content of the order.

18

19   /s/ Jeanette E. McPherson
     Jeanette E. McPherson, Esq.

20                                              # # #

21

22

23

24

25

26

27

28

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the day set forth below by and between Shelley D. Krohn, Chapter 7 Trustee for the bankruptcy estate of Superior Linen, LLC (BK-S-16-15388-MKN) (the "Trustee") and TheLaundryList.Com, Inc. ("Laundrylist"). Each may hereinafter be referred to as a "Party," or collectively as the "Parties."

## RECITALS

WHEREAS, on September 30, 2016, Superior Linen, LLC ("Superior"), filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) ("Petition Date"). The case is pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court") as case number BK-S-16-15388-MKN. Superior's case was converted to one under Chapter 7 on August 21, 2017.

WHEREAS, Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Superior (the "Bankruptcy Estate").

WHEREAS, prepetition, Superior made payments to Laundrylist within 90 days of the Petition Date (the "Transfers"). The Transfers are as follows:

| Check Amount | Check No. | Date Issued | Date Honored |
|---|---|---|---|
| $50,000.00 | 34891 | August 17, 2016 | August 12, 2016 |
| $12,500.00 | 34962 | August 26, 2016 | August 26, 2016 |
| $2,000.00 | 34963 | August 26, 2016 | August 26, 2016 |
| $12,500.00 | 35086 | September 21, 2016 | September 22, 2016 |

(collectively, the "Transfers"). The Transfers total $77,000.00.

WHEREAS, on September 30, 2018, the Trustee filed a complaint for avoidance of the Transfers pursuant to 11 U.S.C. §§ 547 and 550 initiating adversary proceeding 18-01100-MKN.

WHEREAS, the Trustee has claimed that the Transfers may constitute avoidable transfers under 11 U.S.C. § 547 and § 550. Laundrylist has asserted that it has defenses to the Trustee's claims.

WHEREAS, the Parties have reviewed their respective claims and defenses, and believe it is in the best interest of those involved to settle, compromise, and resolve the disputes between the Parties mentioned above, and wish to do so through this Agreement, doing so freely and

voluntarily, after having had the opportunity to seek the advice of counsel with full knowledge of the binding and conclusive nature thereof. The Trustee believes that resolution is in the best interest of the Bankruptcy Estate and its creditors.

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, each of the Parties, without any admission of wrongdoing by any of them, agree as follows:

1.      Recitals. All of the foregoing Recitals are true and correct. The foregoing Recitals are incorporated herein by such reference and made a part of this Agreement.

2.      Consideration. Laundrylist shall pay the Trustee the total sum of Eight Thousand Five Hundred Dollars ($8,500.00) (the "Settlement Amount"). The Settlement Amount shall be paid as follows: 1) $2,000 upon execution of this Settlement Agreement, 2) $1,000 per month on the first day of each month on April 1, 2019, May 1, 2019, June 1, 2019, July 1, 2019, and August 1, 2019, and 3) $1,500.00 on September 1, 2019. Late charges in the amount of $20.00 shall apply to all payments received after the 15th day of each month. All payments shall be made payable to Shelley D. Krohn, Chapter 7 Trustee at the following address: 510 S. Eighth Street, Las Vegas, Nevada 89101.

3.      Contingent on Bankruptcy Court Approval. The Parties acknowledge that this Agreement, and all obligations and releases contained herein, are contingent upon Bankruptcy Court approval. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be deemed null and void.

4.      Releases and Full Satisfaction.

(a) General Releases. Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, the Trustee absolutely and forever releases, acquits and discharges Laundrylist from any and all potential or actual claims, causes of action, derivative claims, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which the Trustee now has, or ever has had, whether at law or in equity, with respect to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this Agreement or otherwise), or any ability or right to enforce this Agreement.

(b) Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, Laundrylist absolutely and forever releases, acquits and discharges the Trustee, the Bankruptcy Estate, the Trustee's counsel, and the Trustee's other professionals from any and all potential or actual claims, causes of action, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which he may have, or ever had, whether at law or

Laundrylist Settlement

2 of 4

in equity, with respect to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this Agreement or otherwise), or any ability or right to enforce this Agreement.

5.    Compromise of Disputed Claims.  It is understood and agreed that this Agreement is the good faith compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each party to this Settlement Agreement expressly denies any liability or responsibility whatsoever.

6.    Attorneys' Fees.  With respect to the subject of this Agreement, each Party shall bear its own attorneys' fees and costs except in the event of default as set forth above.

7.    Governing Law; Jurisdiction.  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.  The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of or disputes arising from or related to this Agreement.

8.    Authority.  Each Party hereby represents, warrants and covenants:  (a) that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party; (b) that such Party owns and has not assigned, delegated, conveyed, pledged, encumbered or otherwise transferred, in whole or in part, any of the claims released by such Party pursuant to this Agreement; and (c) that the execution, delivery and performance of this Agreement does not contravene, or result in a default, of any provision of any agreement or instrument to which any Party is bound.

9.    Severability.  This Agreement shall be enforced to the maximum extent permitted by law.  In the event that any one or more of the phrases, sentences, sections, or paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

10.    Entire Agreement.  This Agreement embodies the entire agreement and understanding between the Parties and supersedes any and all prior or concurrent Agreements, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any.  Neither Party has made any representations upon which either Party has relied that are not contained in this Agreement relating to the foregoing matters.  Neither Party is relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

Laundrylist Settlement

3 of 4

11.     No Modification, Waiver, or Amendment. No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by the Parties with the same formality as this Agreement, and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

12.     Counterparts. The Parties agree that this Agreement may be executed in counterparts and will become effective, subject to exchange of signature pages and subject to the Agreements set forth above.

13.     Assignment. Neither Party shall transfer or assign any of its rights, remedies or obligations under this Agreement.

14.     Successors. This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

15.     Further Assurances. The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

16.     Third Party Beneficiaries. This Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their respective successors and permitted assigns.

Dated this 14 day of Feb , 2019.          Dated this 14 day of February , 2019.

SHELLEY D. KROHN, CHAPTER 7 TRUSTEE          THELAUNDRYLIST.COM, INC.

Shelley D. Krohn, *Chapter 7 Trustee of the*
*Bankruptcy Estate of Superior Linen, LLC*          By:  Brian Cohen

                                            Its:  President, The Laundrylist Com, Inc.

Laundrylist Settlement

4 of 4

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 21, 2019

Jeanette E. McPherson, Esq., NV Bar No. 5423
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:    bkfilings@s-mlaw.com

*Attorneys for Shelley D. Krohn, Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

SUPERIOR LINEN, LLC,

                                        Debtor

Case No.  BK-S-16-15388-MKN

Chapter 7

**ORDER GRANTING MOTION FOR
APPROVAL OF SETTLEMENT
AGREEMENT WITH VENUS GROUP, LLC**

Hearing Date:  March 20, 2019
Hearing Time:  9:30 a.m.

The Motion For Approval Of Settlement Agreement With Venus Group, LLC having come

before this Court on March 20, 2019; Shelley D. Krohn, Trustee appearing by and through her

counsel, Jeanette E. McPherson, Esq. of Schwartzer & McPherson Law Firm; Venus Group, Inc.,

appearing by and through its counsel, Scott D. Fleming, Esq. of Kolesar & Leatham; there being

no other appearances; the Court having reviewed the pleadings on file and determined that proper

notice was given and there being no opposition; the Court having made its findings of fact and

conclusions of law on the record; and for good cause shown, it is hereby

/ / /

/ / /

order re motion re settlement agreement venus - Main.doc                    Page 1 of 2

1    ORDERED that the Motion For Approval Of Settlement Agreement With Venus Group,

2    LLC is granted in its entirety and the Settlement Agreement attached hereto as **Exhibit 1** is

3    approved.

4    Submitted by:                                     Approved/Disapproved by:

5

6    /s/ Jeanette E. McPherson                         /s/ Scott D. Fleming
     Jeanette E. McPherson, Esq.                       Scott D. Fleming, Esq.
7    Schwartzer & McPherson Law Firm                   Kolesar & Leatham
     2850 S. Jones Blvd., Suite 1                      400 S. Rampart Blvd., Ste. 400
8    Las Vegas, NV  89146                              Las Vegas, NV 89145
     *Attorneys for Shelley D. Krohn, Chapter 7*       *Attorneys for Venus Group, LLC*
9    *Trustee*

10

11                        **RULE 9021 CERTIFICATION**

12   In accordance with LR 9021, counsel submitting this document certifies that the Order accurately
     reflects the court's ruling and that (check one):
13

14   ☐    The court has waived the requirement set forth in LR 9021 (b)(1).

15   ☐    No party appeared at the hearing or filed an objection to the motion.

16   ☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing,
          and any unrepresented parties who appeared at the hearing, and each has approved or
17        disapproved the order, or failed to respond, as indicated above.

18   ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order
          with the motion pursuant to LR 9014(g), and that no party has objected to the form or
19        content of the order.

20

21   /s/ Jeanette E. McPherson
     Jeanette E. McPherson, Esq.

22                                          # # #

23

24

25

26

27

28

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of the day set forth below by and between Shelley D. Krohn, Chapter 7 Trustee for the bankruptcy estate of Superior Linen, LLC (BK-S-15388-MKN) (the "Trustee") and Venus Group, LLC ("Venus"). Each may hereinafter be referred to as a "Party," or collectively as the "Parties."

## RECITALS

WHEREAS, on September 30, 2016, Superior Linen, LLC ("Superior"), filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) ("Petition Date"). The case is pending in the United States Bankruptcy Court, District of Nevada (the "Bankruptcy Court") as case number BK-S-16-15388-MKN. Superior's case was converted to one under Chapter 7 on August 21, 2017.

WHEREAS, Shelley D. Krohn is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Superior (the "Bankruptcy Estate").

WHEREAS, prepetition, Superior made payments to Venus within 90 days of the Petition Date (the "Transfers"). The Transfers are as follows:

| Check Amount | Check No. | Date Issued | Date Honored |
|---|---|---|---|
| $7,554.13 | 34749 | June 30, 2016 | July 14, 2016 |
| $20,000.00 | 34765 | July 12, 2016 | July 14, 2016 |
| $7,977.05 | 34787 | July 14, 2016 | July 20, 2016 |
| $8,485.32 | 34800 | July 22, 2016 | August 3, 2016 |
| $7,000.00 | 34819 | July 24, 2016 | August 3, 2016 |
| $8,097.94 | 34843 | August 4, 2016 | August 10, 2016 |
| $15,000.00 | 34878 | August 12, 2016 | August 15, 2016 |
| $7,000.00 | 34961 | August 26, 2016 | September 1, 2016 |
| $7,000.00 | 34988 | September 2, 2016 | September 8, 2016 |
| $7,000.00 | 35010 | September 9, 2016 | September 15, 2016 |
| $7,000.00 | 35071 | September 16, 2016 | September 21, 2016 |
| $7,000.00 | 35101 | September 23, 2016 | September 29, 2016 |

WHEREAS, on September 30, 2018, the Trustee filed a complaint for avoidance of the Transfers pursuant to 11 U.S.C. §§ 547 and 550 initiating adversary proceeding 18-01105-MKN.

WHEREAS, the Trustee has claimed that the Transfers may constitute avoidable transfers under 11 U.S.C. § 547 and § 550. Venus has asserted that it has defenses to the Trustee's claims.

WHEREAS, the Parties have reviewed their respective claims and defenses, and believe it is in the best interest of those involved to settle, compromise, and resolve the disputes between the Parties mentioned above, and wish to do so through this Agreement, doing so freely and voluntarily, after having had the opportunity to seek the advice of counsel with full knowledge of the binding and conclusive nature thereof. The Trustee believes that resolution is in the best interest of the Bankruptcy Estate and its creditors.

NOW, THEREFORE, in consideration of the promises, covenants, warranties, and representations set forth herein, each of the Parties, without any admission of wrongdoing by any of them, agree as follows:

1.      Recitals. All of the foregoing Recitals are true and correct. The foregoing Recitals are incorporated herein by such reference and made a part of this Agreement.

2.      Consideration. Venus shall pay the Trustee the total sum of Ten Thousand Dollars ($10,000.00) (the "Settlement Amount").

3.      Contingent on Bankruptcy Court Approval. The Parties acknowledge that this Agreement, and all obligations and releases contained herein, are contingent upon Bankruptcy Court approval. If the Bankruptcy Court does not approve this Agreement, this Agreement shall be deemed null and void.

4.      Releases and Full Satisfaction.

(a) General Releases. Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, the Trustee absolutely and forever releases, acquits and discharges Venus from any and all potential or actual claims, causes of action, derivative claims, promises, covenants, agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which the Trustee now has, or ever has had, whether at law or in equity, with respect to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this Agreement or otherwise), or any ability or right to enforce this Agreement.

(b)     Upon entry of an order approving this Settlement Agreement by the United States Bankruptcy Court in this matter, Venus absolutely and forever releases, acquits and discharges the Trustee, the Bankruptcy Estate, the Trustee's counsel, and the Trustee's other professionals from any and all potential or actual claims, causes of action, promises, covenants,

agreements, contracts, representations, warranties, liens, debts, liabilities, damages, expenses, attorneys' fees, and costs, which he may have, or ever had, whether at law or in equity, with respect to the Transfers referenced in this Agreement, except that this release shall not release or limit any future obligation, duty, or liability (whether pursuant to this Agreement or otherwise), or any ability or right to enforce this Agreement.

5.      **Compromise of Disputed Claims**.  It is understood and agreed that this Agreement is the good faith compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be and shall not be construed as admissions of any liability or responsibility whatsoever and each party to this Settlement Agreement expressly denies any liability or responsibility whatsoever.

6.      **Attorneys' Fees**.  With respect to the subject of this Agreement, each Party shall bear its own attorneys' fees and costs except in the event of default as set forth above.

7.      **Governing Law; Jurisdiction**.  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.  The U.S. Bankruptcy Court, District of Nevada shall retain jurisdiction over performance of or disputes arising from or related to this Agreement.

8.      **Authority**.  Each Party hereby represents, warrants and covenants:  (a) that the undersigned signatories for such Party have the full legal right, power and authority to bind that Party; (b) that such Party owns and has not assigned, delegated, conveyed, pledged, encumbered or otherwise transferred, in whole or in part, any of the claims released by such Party pursuant to this Agreement; and (c) that the execution, delivery and performance of this Agreement does not contravene, or result in a default, of any provision of any agreement or instrument to which any Party is bound.

9.      **Severability**.  This Agreement shall be enforced to the maximum extent permitted by law.  In the event that any one or more of the phrases, sentences, sections, or paragraphs contained in this Agreement shall be declared invalid or unenforceable by order, decree or judgment of any court having competent jurisdiction, or shall be or become invalid or unenforceable by virtue of any applicable law, the remainder of this Agreement shall be construed as if such phrases, sentences, sections, paragraphs or sections had not been inserted except when such construction shall constitute a substantial deviation from the general intent and purposes of the Parties as reflected in this Agreement.

10.     **Entire Agreement**.  This Agreement embodies the entire agreement and understanding between the Parties and supersedes any and all prior or concurrent Agreements, understandings, statements, assurances, assumptions, premises, promises, agreements, discussions or representations, oral or written, relating to the foregoing matters, including oral agreements or representations, if any.  Neither Party has made any representations upon which either Party has relied that are not contained in this Agreement relating to the foregoing matters.  Neither Party is

relying on an unstated assumption, premise or condition not contained in this Agreement relating to the foregoing matters.

11.    No Modification, Waiver, or Amendment.  No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by the Parties with the same formality as this Agreement, and approved by the Bankruptcy Court. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify or change any provision of this Agreement.

12.    Counterparts.  The Parties agree that this Agreement may be executed in counterparts and will become effective, subject to exchange of signature pages and subject to the Agreements set forth above.

13.    Assignment.  Neither Party shall transfer or assign any of its rights, remedies or obligations under this Agreement.

14.    Successors.  This Agreement shall be binding upon and inure to the benefit of the Parties and to their successors-in-interest.

15.    Further Assurances.  The Parties shall take, or cause to be taken, all actions and shall do, or cause to be done, all things necessary, proper or advisable to consummate each of the agreements, promises, covenants, and obligations of such Party under this Agreement.

16.    Third Party Beneficiaries.  This Agreement shall not confer any rights or remedies on any person or entity other than the Parties and their respective successors and permitted assigns.

Dated this ___ day of _____, 2019.       Dated this 9 day of February, 2019.

SHELLEY D. KROHN, CHAPTER 7 TRUSTEE      VENUS GROUP, LLC

_____        _____
Shelley D. Krohn, *Chapter 7 Trustee of the*      By: _____
*Bankruptcy Estate of Superior Linen, LLC*          Raj Patel
                                                   Its: President

Venus Group Settlement

4 of 4